**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 26-cr-139-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

FERNANDO IBARRA LOZA,

Defendant.

---

**ORDER DECLINING TO APPROVE PROCEEDING WITHOUT A JURY**

---

The Government charges Defendant Fernando Ibarra Loza by Indictment with five counts: Counts 1 through 4 charge violations of 21 U.S.C. § 841(a)(1), while Count 5 charges possession of a firearm in furtherance of the offense charged in Count 4, a violation of 18 U.S.C. § 924(c). (ECF No. 14.) This matter is before the Court on Defendant's Motion to Vacate the Jury Trial and Reschedule for a Trial to the Court ("Motion") (ECF No. 30).

For the reasons set forth herein, the Court declines to approve proceeding without a jury in this case.

## I. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 23(a), the trial of a felony case must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves. *See United States v. Robertson*, 45 F.3d 1423, 1431 (10th Cir. 1995). Here, the first two criteria are satisfied, and the only remaining

issue is whether the Court approves of proceeding with a nonjury trial.

The "trial court is vested with a sound discretion in determining whether a jury trial should or should not be had, notwithstanding the accused's request that he be tried to the court." *Mason v. United States*, 250 F.2d 704, 706 (10th Cir. 1957). In exercising its discretion, the court should not approve a waiver of jury trial "as a mere matter of rote," rather, the court should exercise its duty with an understanding that "[t]rial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience." *Patton v. United States*, 281 U.S. 276, 313 (1930) *overruled on other grounds by Williams v. Florida*, 399 U.S. 78 (1970).

## II. BACKGROUND[1]

Beginning in March 2026, Drug Enforcement Administration ("DEA") investigators began investigating a drug trafficking organization ("DTO") that was operating in Colorado. (ECF No. 1-2 at ¶ 9.) During this investigation, DEA investigators identified Defendant as suspected member of the DTO. (*Id.*) On or about March 5, 2026, DEA investigators observed Defendant meet with targets of a federal drug trafficking indictment in Littleton, Colorado. (*Id.* at ¶ 10.) Over the course of the next two months, investigators conducted electronic surveillance of a cellular device that was attributed to Defendant. (*Id.* at ¶¶ 11–16). In doing so, they were able to ascertain that Defendant departed Colorado for Los Angeles, California, on or about May 20, 2026. (*Id.* at ¶ 12.)

[1] All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

The investigators suspected the Defendant was using an unidentified rental vehicle. (*Id.*)

On or about May 22, 2026, at approximately 11:00 pm, investigators determined that Defendant reentered Colorado in his rental vehicle. (*Id.* at ¶ 17.) Colorado State Patrol ("CSP") troopers and Larimer County Sheriff's Office personnel began conducting visual surveillance of the rental car, during which they saw it fail to stop at a stop sign and drive above the speed limit. (*Id.*) Law enforcement then conducted a lawful traffic stop of the vehicle. (*Id.*)

After stepping out of the rental vehicle at the officers' request, Defendant noted that he had a rental agreement for the vehicle and gestured towards the vehicle. (*Id.*) A CSP trooper then approached the vehicle and, through the open font passenger window, saw that the glove box was open. (*Id.*) That officer reached into the vehicle to retrieve the rental car agreement from the glove box, but as he did so, he noticed a baggie inside the glovebox containing a "white powdery substance," consistent with the physical characteristics of cocaine. (*Id.*) The CSP trooper proceeded to deploy his narcotics detection K9 around the exterior of the rental vehicle. (*Id.* at ¶ 19.)

Subsequently, Defendant gave CSP troopers consent to search the rental vehicle. (*Id.* at ¶ 20.) During this search, law enforcement personnel located methamphetamine (totaling 18.87 kilograms) packed inside the paneling of the rental vehicle's doors. (*Id.*) Investigators also recovered approximately 503.7 grams of fentanyl powder, 206.3 grams of cocaine, and approximately $20,000 cash. (*Id.* at ¶ 21.) During a subsequent execution of a federal search warrant at Defendant's home in Aurora, Colorado, DEA investigators recovered 335.2 grams of fentanyl pills, a Glock 21

semi-automatic handgun, and two handgun magazines that were fully loaded with .45 caliber ammunition. (*Id.* at ¶ 22.)

Defendant is charged by Indictment with five counts. (ECF No. 14.) Counts 1 through 4 charge violations of 21 U.S.C. § 841(a)(1), specifically: possession with intent to distribute 500 grams or more of methamphetamine, (Count 1), possession with intent to distribute 400 grams or more of fentanyl (Count 2), possession with intent to distribute cocaine (Count 3), possession with intent to distribute 40 grams or more of fentanyl (Count 4). (*Id.* at 1–3.) Count 5 charges possession of a firearm in furtherance of the offense charged in Count 4, a violation of 18 U.S.C. § 924(c). (*Id.* at 3.) Defendant has pleaded not guilty. (ECF No. 17.)

## III. ANALYSIS

The Court begins its analysis by noting that the Supreme Court has acknowledged "there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that . . . insistence on trial by jury would result in the denial to a defendant of an impartial trial." *Singer v. United States*, 380 U.S. 24, 37 (1965). Paramount to the Court's decision to deny the relief requested in the instant Motion is the fact that Defendant has wholly failed to show the existence of any such compelling circumstances in this case. Indeed, the only reason or rationale that Defendant has provided the Court for wanting to forgo a jury trial, or for seeking a bench trial in its stead, is the "conserve[ation] [of] judicial and party resources." (ECF No. 30 at 3.) Noting that the only dispute is "whether the firearm was possessed 'in furtherance of' the drug trafficking crime named in Count 4," and contends that a bench trial will "streamline the presentation of evidence, much of which

will be admitted by stipulation, and will allow the Court to make specific findings of fact under Rule 23(c)." (*Id.*) But those considerations do not provide sufficient justification for waiving a jury trial.

In addition, important issues of witness credibility counsel against approving a waiver of a jury trial here. In the Court's view, a jury is best positioned to determine the credibility of the law enforcement officers who submitted the affidavit to support the criminal complaint and application for arrest warrant against Defendant. (ECF No. 1-2); *see*, *United States v. Clapps*, 732 F.2d 1148, 1151 (3d Cir. 1984) *overruled in part on other grounds by McNally v. United States*, 483 U.S. 350 (1987) (affirming trial court's denial of waiver, despite government's consent, "because it anticipated the need for credibility evaluations that were 'best left to a jury of twelve.'"), *cited with approval in United States v. Gore*, 1997 WL 732519, at *2 (10th Cir. Nov. 26, 1997). While the undersigned is of course capable of resolving credibility disputes which might arise at trial, in the Court's view leaving this determination to the collective and unanimous decision of a jury is more faithful to the central role a trial by jury plays in our system of justice.

Further, the Court observes that in weighing any contradictory testimony at trial, a jury is unlikely to be confused because the case does not present complex or technical questions of fact. *See United States v. Clark*, 943 F.2d 775, 777, 784 (7th Cir. 1991) (jury trial on non-complex charge of being felon in possession of firearm did not present compelling circumstances requiring bench trial), *cited with approval in Gore*, 1997 WL 732519, at *2. Indeed, in terms of the factual disputes to be resolved by a trier of fact, those disputes are seldom much simpler in federal court trials than the ones

presented in this case.

Given all of the above, in keeping with the Court's "substantial responsibility for jealously preserving jury trials, the constitutionally preferred method of disposing of criminal trials," the Court declines to approve proceeding without a jury in this case. *United States v. Martin*, 704 F.2d 267, 272 (6th Cir. 1983).

## IV. CONCLUSION

For the foregoing reasons, having taken into consideration Defendant's Motion to Vacate the Jury Trial and Reschedule for a Trial to the Court (ECF No. 30), the Court DECLINES to approve proceeding without a jury in this case.

Pursuant to Fed. R. Crim. P. 23 (a) & (b), this case will be tried to a jury of twelve persons and one alternate commencing on **December 14, 2026 at 8:30 a.m**. The Final Trial Preparation Conference remains set for **December 7, 2026 at 3:00 p.m.**

Dated this 23rd day of November, 2026.

BY THE COURT:



William J. Martinez
Senior United States District Judge